# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DONNA VANCE,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

Case No.: 1:11-cv-01312-LJO-SKO

**ORDER TO SHOW CAUSE**

## I. INTRODUCTION AND BACKGROUND

On August 5, 2011, Plaintiff Donna Vance ("Plaintiff") filed a complaint seeking judicial review of a final decision of Defendant Commissioner of Social Security ("Commissioner" or "Defendant") denying Plaintiff supplemental security income under Title XVI of the Social Security Act. (Doc. 1.) On January 19, 2012, the parties filed a stipulation and proposed order seeking an extension of time for Plaintiff to submit her confidential brief. (Doc. 15.) On January 23, 2012, the Court granted the parties' request for an extension of time and set forth a modified schedule. (Doc. 16.) In pertinent part, the Court ordered that "Plaintiff's opening brief shall be filed on or before May 1, 2012." (Doc. 16, 2:1.)

Plaintiff did not file an opening brief by the Court-ordered deadline. On May 4, 2012, three (3) days after Plaintiff's brief was due, Defendant's counsel filed a stipulation and proposed order for an extension of time. (Doc. 17.) The parties request that Plaintiff's filing deadline be extended "up to and including June 11, 2012," and seek an extension "because additional time is needed to complete the Opening Brief. Due to a calendaring error, the Parties were delayed in completing the settlement discussions." (Doc. 17, 1:22-24.) The parties' stipulation *did not* acknowledge that the Court-ordered time to file had passed and *did not* explain why the parties failed to seek an extension of time until after the passing of the filing deadline. (*See* Doc. 17.)

**II. DISCUSSION**

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998) (emphasis omitted) (holding that court may dismiss an action that abuses the judicial process using inherent powers to control dockets); *see also Frost v. Perry*, 919 F. Supp. 1459 (D. Nev. 1996) (untimely motion stricken by court using inherent powers to control its own docket). The Local Rules of the United States District Court, Eastern District of California, Rule 110 provides that the "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

On January 23, 2012, the Court ordered that "Plaintiff's opening brief shall be filed on or before May 1, 2012." (Doc. 16, 2:1.) Plaintiff did not file an opening brief by that date, and the parties did not request an extension of time until May 4, 2012 – three days *after* the Court-ordered filing deadline. Local Rule 144(d) controls the time for requesting extensions and states that "[c]ounsel shall seek to obtain a necessary extension . . . as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." Seeking an extension *after* the time to file has passed fails to comply with the Local Rules. As such, the parties failed to comply with both the January 23, 2012, Court order and with the Local Rules.

While the Court recognizes that the parties may have good cause to seek an extension of time because of delays due to settlement discussions (*see* Doc. 17, 1:22-24), it is unclear why the parties failed to offer any reason for the untimeliness of their request or even an acknowledgment that the request is untimely. Late filings cause the Court to expend an inordinate amount of judicial resources that go beyond mere inconvenience but impact other litigants and cases that are kept waiting, including cases concerning counsel's own clients. A scheduling order is not a mere suggestion of dates that may be ignored at the parties' whim, but is a Court order setting forth required deadlines in a case. Here, the parties give no information as to why they chose to ignore the Court's order and Local Rules.

The parties are therefore ORDERED TO SHOW CAUSE as to why (1) a timely request for an extension of time was not filed, and (2) sanctions should not be issued for failing to comply with the Court's order and the Local Rules.

## III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that, by **May 11, 2012**, both Plaintiff and Defendant SHOW CAUSE as to why (1) a timely stipulation requesting an extension of time was not filed; and (2) sanctions should not be issued due to the parties' failure to comply with the Court's order and Local Rules.

IT IS SO ORDERED.

**Dated: May 7, 2012**

**/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE