Sengthiene Bosavanh, Esq. #24980
Milam Law, Inc.
330 N. Fulton Street
Fresno, CA 93701
(559) 264-2800
Fax: 559-264-2822

Attorney for Plaintiff, Donna Vance

IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

**FRESNO DIVISION**

| | |
|---|---|
| **DONNA VANCE**, ) | Civil Action No. : 1:11-cv-01312-LJO -SKO |
| Plaintiff, ) | |
| ) | **STIPULATION AND** |
| vs. ) | **ORDER SETTLING ATTORNEY'S** |
| ) | **FEES PURSUANT TO THE EQUAL** |
| **CAROLYN W. COLVIN**[1], ) | **ACCESS TO JUSTICE ACT, 28 U.S.C.** |
| COMMISSIONER OF SOCIAL ) | **§ 2412(d)** |
| SECURITY, ) | |
| ) | (Docs. 31, 32) |
| Defendant. ) | |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel that, subject to the approval of the Court, Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of Five Thousand, Six Hundred Twenty-Seven Dollars and Zero Cents ($5,627.00) which amount includes $128.00 in expenses. This amount represents compensation for all legal services rendered on behalf of Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for former Commissioner Michael J. Astrue as the defendant in this suit.

1

by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an Order for EAJA Fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to Astrue v. Ratliff, 130 S.Ct. 2521, 2010 WL 2346547 (U.S. June 14, 2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of Treasury's Offset Program. After Order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of the fees and expenses to be made directly to attorney Sengthiene Bosavanh, pursuant to the assignment executed by Plaintiff. Any payments shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiffs request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff, and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

Respectfully submitted,

Dated: May 28, 2013     /s/ Sengthiene Bosavanh
                        (As authorized via email)
                        SENGTHIENE BOSAVANH
                        Attorney for Plaintiff

Date: May 28, 2013      BENJAMIN B. WAGNER
                        United States Attorney
                        /s/ Patrick Snyder
                        Patrick Snyder, Esq.
                        Special Assistant U.S. Attorney
                        Attorneys for Defendant

2

**ORDER**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The parties' stipulated request for EAJA fees is GRANTED; and

2. Plaintiff's motion for attorney's fees (Doc. 31) pursuant to the EAJA is DENIED as moot.

IT IS SO ORDERED.

Dated:   May 28, 2013                        /s/  Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE